IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARK C. HAIK,<br><br>                 Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY BOARD OF HEALTH,<br><br>                 Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS<br><br><br>Case No. 2:13-CV-1051 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Sanctions. For the reasons discussed below, the Court will deny the Motion.

This action involves the decision of the Salt Lake Valley Health Department to deny Plaintiff's application for septic systems or holding tanks and Plaintiff's appeal of that denial. This is one of many cases arising out of Plaintiff's attempts to develop certain property he owns.[1] The key issue in each of these cases is Plaintiff's inability to obtain the necessary water rights required for development. The Court has dismissed Plaintiff's claims in this case, as it has previously done. Prior to that dismissal, Defendant sought sanctions under Rule 11 of the Federal Rules of Civil Procedure.

Rule 11(b) states:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented

---

[1] *Haik v. Salt Lake City Corp.*, No. 13-4050, 2014 WL 2523735 (10th Cir. June 5, 2014); *Haik v. Town of Alta*, 176 F.3d 488 (10th Cir. 1999) (unpublished); *Haik v. Salt Lake City Corp.*, No. 2:12-CV-997 TS, 2013 WL 968141 (D. Utah Mar. 12, 2013); *Haik v. Township of Alta*, No. 2:96-CV-732 BSJ (D. Utah Oct. 31, 1997).

1

> party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11 "imposes an affirmative duty on an attorney to make a reasonable inquiry into the facts and law before filing a pleading."[2] "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument."[3]

Defendant argues that Rule 11 sanctions are appropriate because the primary issue in this case—Plaintiff's access to sufficient water for development—has been repeatedly decided against Plaintiff. As a result of these prior adverse decisions, Defendant contends that Plaintiff could not make a colorable claim and that sanctions are appropriate.

Defendant is correct that many of the arguments presented by Plaintiff have already been decided by this Court, the Tenth Circuit Court of Appeals, and the Utah Supreme Court. However, the Court notes that certain specific claims and arguments raised in this case were slightly different from the claims raised by Plaintiff in the past. For example, in this action Plaintiff challenged Defendant's application of Utah Code Ann. § 26A-1-121 and other issues

---

[2] *Arbuckle Wilderness, Inc. v. KFOR TV, Inc.*, 76 F.3d 392, 1996 WL 29247 at *3 (10th Cir.1996) (unpublished table decision).

[3] *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir.1991).

related to the denial of Plaintiff's application. Though these claims suffer from the same deficiencies as the previously dismissed claims, they are somewhat distinct.

Additionally, when this action was filed, this Court's decision in *Haik v. Salt Lake City Corp.* was still pending before the Tenth Circuit. Thus, Plaintiff could argue, as he did, that this Court's interpretation of the facts and relevant law was erroneous. Thus, Plaintiff had a nonfrivolous argument for reversing existing law. Based upon these considerations, the Court finds that Rule 11 sanctions are not appropriate in this matter.

It is therefore

ORDERED that Defendant's Motion for Sanctions (Docket No. 19) is DENIED.

DATED this 26th day of June, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge